## The Bancroft Company v. William E. Pollock.

1.  QUESTIONS OF FACT—*Finding of the Jury.*—All questions of fact are settled by the finding of the jury.

**Assumpsit.**—Breach of contract. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 29, 1896.

HAMLINE, SCOTT & LORD, attorneys for appellant.

MATZ & FISHER, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant is a book publishing company. Among its enterprises in the year 1893, was "The Book of the Fair."

The following documents explain themselves, viz.:

"THE HISTORY CO., PUBLISHERS, San Francisco, Cal.

Founded 1882.        Incorporated 1886.

H. H. BANCROFT, President.    GEO. H. MORRISON, Vice-Pres.

T. A. C. DORLAND, Secretary and Treasurer.

FRANK M. DERBY, General Agent.

THE HISTORICAL SERIES OF HUBERT HOWE BANCROFT,

148 Church Street.

NEW YORK, Feb. 11, 1893.

Mr. A. Schmidt,

DEAR SIR: We hereby agree to accept the offer made by you in behalf of the Bancroft Company, of Chicago, to proceed to Chicago within ten days from the date hereof, and enter the employ of said company as photographer and etcher respectively, for the term of one year, at a salary of thirty-five dollars ($35) each, per week, and transportation expenses.

It is understood and agreed that upon our arrival in Chicago, a formal agreement or contract shall be made, signed and sealed, with the Bancroft Co., embodying the above conditions.        Respectfully,

W. E. POLLOCK,
F. NIEMEYER."

" Accepted for the Bancroft Co.

A. G. SCHMIDT.

New York, Feb. 11th, '93."

" Office of 'THE BOOK OF THE FAIR,'

Auditorium Building, Rooms 30 and 31.

THE BANCROFT COMPANY, PUBLISHERS.

CHICAGO, Feb. 16, 1893.

Mr. W. E. Pollock, care Mr. W. W. Silver, 2 New Chambers St., New York.

DEAR SIR: Noting the arrangements made with you by our Mr. A. Schmidt, we take pleasure in forwarding trans-

portation expenses through Mr. F. M. Derby, 149 Church St. You will kindly call upon him for the same at your earliest convenience.

Very truly yours,

THE BANCROFT COMPANY.

R. D. BRISTOL,

Manager 'The Book of the Fair.' "

The company used in Chicago letter heads as follows:

" Founded 1856.                                    Incorporated 1887.

THE BANCROFT COMPANY.

Publishers, Booksellers, Stationers.

History Building, San Francisco, Cal.

H. H. BANCROFT, President.

GEO. H. MORRISON, Vice-President.

T. A. C. DORLAND, Secretary and Treasurer.

R. D. BRISTOL, Manager, Chicago Office.

Office of ' THE BOOK OF THE FAIR.'

The Bancroft Company, Publishers,

Rooms 30, 31 and 32 Auditorium Building."

Evidence was put in that Schmidt was sent to New York to engage a photographer; Bristol and Morrison being together when it was done, both giving instructions, and Morrison personally furnishing Schmidt with money and railroad tickets for the trip; and that after the appellee arrived in Chicago and went to work for the company, Morrison was active in the business of the company, and in directing the work in which the appellee was engaged.

At the time of the trial Morrison was living in California, and was not a witness. What, if any, connection he had there with the appellant—which seems to be a California company—does not appear.

The appellee testified that he was discharged by Morrison September 11, 1893, for reasons affecting the success of the business of the appellant.

As part of his evidence the appellee put in the following letter:

"Founded 1856.                              Incorporated 1887.

THE BANCROFT COMPANY.

Publishers, Booksellers, Stationers,

History Building, San Francisco, Cal.

H. H. BANCROFT, President.

GEORGE H. MORRISON, Vice-President.

T. A. C. DORLAND, Secretary and Treasurer.

R. D. BRISTOL, Manager, Chicago Office.

Office of 'THE BOOK OF THE FAIR,'

The Bancroft Company, Publishers,

Rooms 30, 31 and 32 Auditorium Building.

CHICAGO, Sept. 20, 1893.

Mr. W. E. Pollock, 326 La Salle Ave., City.

DEAR MR. POLLOCK: The company must be indebted to you for services during the early part of the week. If so, come in and let us see what the amount is. You also have a prospectus and a pass to the grounds, which I would like to use. Will you place me under obligations by bringing them in?

I have a communication this morning from the Oil Well Supply Co., saying that our photographer promised to submit to them photographs before they went into the book; also promised to sell them all the photographs they desired for thirty cents apiece, and warning us not to insert any pictures of their exhibits in our book, because the contract made with them had not been complied with by us. We have just written them that we have never indorsed any such transaction and know nothing of it. Of course there is some mistake about this, as you would not make such arrangements with any one. However, it has put us to the expense of making the plate, and as it has already gone into our forms, to the additional expense of making over the plates again. I wish you would also come in and explain this, and I trust that there is no other such an understanding, or misunderstanding, with any one, as it would involve us in a great deal of expense. Not only the taking of the photographs and the making of the plates, your time, and now the expense of taking the plate out of the book and

making over the entire page where it is, refolioing the pages, which is likely to run into anywhere from $10,000 to $30,000, according to the amount of work we must do, which I have not yet been able to determine.

Very truly yours,

GEO. H. MORRISON."

This suit was by the appellee to recover as damages for being discharged, the residue of a year's salary, less what he had earned elsewhere.

The court found for him. The appellant now defends partly upon the assumption that Morrison had no authority to discharge the appellee, and partly upon the assumption that the appellee was not discharged, but quit voluntarily. That the enterprise of the "Book of the Fair" was or was not a success, this record does not show, but the letter of September 20, 1893, would indicate that things were not altogether pleasant.

All the questions of fact are settled by the finding. By itself the evidence on the part of the appellee is abundant to prove his allegation that the appellant "refused to permit him to work and be employed in" the service of the appellant.

That seems to be a sufficient allegation. 2 Ch. Pl. 324 *et seq.*, Ed. 1828.

At any rate no question as to pleading was made at the Circuit.

The judgment is affirmed.